NO. 07-99-0485-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 13, 2001

_____

KRISTAN PENNINGTON, APPELLANT

V.

PAUL CHERRY, APPELLEE

_____

FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;

NO. 37,888; HONORABLE BRITT E. PLUNK, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

ON ABATEMENT AND REMAND

On September 16, 1999, a judgment was entered awarding appellant Kristan Pennington damages in the amount of $4,526.58, together with post-judgment interest at the rate of 10% per year for injuries suffered by her in an automobile accident. Notice of appeal was subsequently given.

We have received the clerk's record but have only received volume four of the reporter's record. At least five requests for extension of time have been granted and this court has also by letter dated October 17, 2000, notified the parties and the trial court of the lack of a reporter's record and required the record be filed within 30 days. The most recent extension of time required the reporter's record to be filed by December 12, 2000, and notice was provided that if the reporter's record was not filed by that date, it might be necessary to abate the matter to the trial court. By letter dated January 12, 2000, the reporter represented that the record would be on file by January 23, 2000. To date, we have still not received the reporter's record. This sequence of events requires us to effectuate our responsibility to ensure a prompt pursuance of this appeal and to preserve the parties' rights. *See* Tex. R. App. P. 37.3(a)(1). Accordingly, this appeal is abated and the cause remanded to the 356th District Court of Hardin County, Texas.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine whether appellant has abandoned her appeal. If it is determined that appellant has not abandoned her appeal, the court shall further determine:

1. If appellant's attorney of record continues to represent appellant and will diligently pursue this appeal.

2. What steps are necessary to ensure the prompt preparation of a reporter's record.

3. If any orders are necessary to ensure the diligent and proper pursuit of appellant's appeal.

2

In support of its determination, the trial court shall prepare and file its findings and orders and cause them to be included in a supplemental clerk's record. In addition, the trial court shall cause a transcription of the hearing to be prepared and included in a reporter's record. The supplemental clerk's record and reporter's record should be submitted to the clerk of this court no later than March 14, 2001.

It is so ordered.

Per Curiam

Do not publish.